BERKMAN, HENOCH, PETERSON
PEDDY & FENCHEL, P.C.
Proposed Attorneys for the Debtor and
Debtor-in-Possession
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Bruce D. Mael (BDM 8038)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                          Chapter 11

      890 FLUSHING AVENUE HOUSING
      DEVELOPMENT FUND CORP.,                  Case No.

                          Debtor
----------------------------------------------------------X

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK}

COUNTY OF KINGS}

      CHARLOTTE MONTGOMERY, being duly sworn, deposes and says:

      1. I am the President of 890-Flushing Avenue Housing Development Fund Corporation, the Debtor in the above-captioned Chapter 11 proceeding ("Debtor"). This affidavit is submitted pursuant to Rule 1007-4 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of New York. All information contained herein is as of December 29, 2010, except as noted otherwise.

      2. The Debtor, a Housing Development Fund Corporation ("HDFC") operating as a non profit 501(c)(3) corporation, was formed in 1992 and is engaged in the business of holding and managing real property. The debtor specifically owns and manages the mixed use building located at 890 Flushing Avenue, Brooklyn, NY which it purchased on November 20 1992. The debtor's

ability to manage the building, which includes the payment for services provided to the building as well as other operating expenses (i.e. property taxes, insurance etc) has been severely impaired due to the reduction in the collection of monthly rents and maintenance from the current shareholders and renters. To illustrate this point, only 10 renters and shareholders have remitted their monthly payment in December 2010. Many of the defaulted shareholders and tenants have not paid their rent or maintenance for many months, some as long as up to 2 years.

3. The units, both owned and rented, have maintenance and rents well below the prevailing market levels for maintenance and rent. The breakdown or the 28 units are as follows. 9 units are owned by shareholders who purchased their units (Shares) at the time of the formation of the HDFC. The remaining 16 units represent unsold shares held by the HDFC and are leased out to tenants.

4. On or about 2002, the building, which up to that time was financially sound and well managed, had a board meeting at which certain individuals wrested control of the operations of the building from me and transferred control to other board members who subsequently mismanaged the building. This mismanagement resulted in operating expenses not being paid.

5. In 2005, I regained control of the operation of the building which at that time had a account deficit of $350,000. I attempted to enter into repayment plans for all of the unpaid balances but have never had sufficient income to keep current on these plans. At present, many, if not all, of these accounts have not been paid due to the financial constraints under which I am operating. As a result, the New York City Department of Finance has commenced proceedings to sell the Premises at an *In Rem* sale on account of unpaid property taxes, which led to the instant filing.

6. The names and addresses of the Debtor's largest unsecured creditors, including the amount and nature of each of the claims is attached to the petition and is fully set forth in the Debtor's Schedule "F".

7. The names and addresses of the Debtor's largest secured creditors, including the amount and nature of each of the claims is attached to the petition and is fully set forth in the Debtor's Schedule "D".

8. The Debtor's assets are fully set forth in Debtor's Schedules "A" and "B", with an approximate aggregate value of $2 million. The Debtor's liabilities consist of secured debt in the approximate amount of $443,605.15, and general unsecured debt in the approximate amount of $282,200.00.

9. None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

10. The Debtor's office is located at 890 Flushing Avenue, Brooklyn, New York.

11. There are no actions or proceedings pending against the Debtor as of the filing date other than those actions set forth in the Debtor's Statement of Financial Affairs.

12. The Debtor's senior management consists of the following people:

Charlotte Montgomery - President, Secretary and Treasurer.

13. The estimated amount of weekly payroll to employees, exclusive of officers and directors, for the 30-day period following the filing of the Chapter 11 petition is approximately $0.00.

14. The estimated amount of weekly payroll to officers, shareholders and directors of the corporation is approximately $0 for a period of thirty (30) days following the filing of the Chapter 11 petition herein.

15. The Debtor's estimated operating expenses for the 30-day period following the filing of the Chapter 11 petition are approximately $8,000.00. The estimated net gain in the operation of the business for the same period following the filing of the Chapter 11 petition herein is

approximately $0.00.

16. The information contained herein is true and correct to the best of my knowledge.

*Charlotte Montgomery*
Charlotte Montgomery, President

Sworn to before me this 29th
day of December 2010

_____
NOTARY PUBLIC

BRUCE D. MAEL
Notary Public, State of New York
No. 02MA4971504
Qualified in Nassau County
Commission Expires September 4, 2014